IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re: CLIFFORD J. SCHUETT, Fed. Reg. #01930-046, <br><br>    Plaintiff, <br>_____ | ) Civ. No. 13-00419 DKW/KSC <br> ) <br> ) TRANSFER ORDER <br> ) <br> ) |

## **TRANSFER ORDER**

Before the court is Clifford J. Schuett's petition for assistance, which is construed as a civil rights complaint. Schuett is a prisoner confined in the Federal Correctional Institution II, located in Butner, North Carolina ("FCI-Butner"). Schuett says that he is paralyzed and is being denied necessary assistance and accommodations for his disability by FCI-Butner officials. Schuett claims he is being housed in a "non-handicapped cell in violation of the ADA and federal law." ECF No. 1. As a consequence, Schuett alleges that he has fallen several times and sustained injuries.

Schuett did not name any prison officials who are allegedly responsible for his claims or submit an *in forma pauperis* application or payment for commencing this action. Because venue is improper in Hawaii and transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the Eastern District of North Carolina.

## I. **DISCUSSION**

When jurisdiction is not founded solely on diversity, such as actions brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007).

Schuett is incarcerated in North Carolina and has no apparent connection to Hawaii. The actions about which he complains apparently occurred or are occurring in North Carolina. Venue for Schuett's claims alleging FCI-Butner officials have denied him appropriate accommodations for his disability lies in the District Court for the Eastern District of North Carolina, where FCI-Butner is located. *See* 28 U.S.C. § 1391(b).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1406(a).  The interests of justice favor transferring this case to the district where the significant events or omissions material to Schuett's claims occurred, witnesses may be found, there is access to the necessary evidence, and there is a local interest in resolving the matter.  *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).

## II.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the Eastern District of North Carolina.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from

//    //

//    //

//    //

//    //

//    //

Schuett referring to this action to the United States District Court for the Eastern District of North Carolina.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, August 28, 2013.



    Derrick K. Watson
    United States District Judge

---

*In Re: CLIFFORD J. SCHUETT*, Fed. Reg. #01930-046; CIV No. 13-00419 DKW KSC; TRANSFER ORDER

*In re: Clifford J. Schuett*, Civ. No. 13-00419 DKW/KSC; G:\docs\prose attys\Trsf Ven Rmnd\2013\Schuett 13-419 DKW (trsf to D.N.C.).wpd